**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1268**

S. TRAVIS SHREWSBURY; WANETA G. MCKINNEY,

               Plaintiffs - Appellants,

     v.

DAVID F. WILLIAMS,

               Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:18-cv-00467-MFU-RSB)

Submitted: January 27, 2021               Decided: February 11, 2021

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terry Neill Grimes, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia, for Appellants. Jim H. Guynn, Jr., GUYNN WADDELL CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

S. Travis Shrewsbury and Waneta G. McKinney ("Plaintiffs") commenced this civil action against Sergeant David F. Williams of the Alleghany County Sheriff's Department, alleging malicious prosecution under 42 U.S.C. § 1983 and Virginia common law. In their complaint, Plaintiffs alleged that Williams violated their rights when he unlawfully pursued criminal charges for felony larceny of a dog and conspiracy to commit larceny of a dog against McKinney and misdemeanor obstruction of justice against Shrewsbury and McKinney. The district court granted summary judgment in favor of Williams. For the reasons that follow, we affirm.

We review de novo the district court's grant of summary judgment. *Graves v. Lioi*, 930 F.3d 307, 316 (4th Cir. 2019), *cert. denied sub nom. Robinson v. Lioi*, 140 S. Ct. 1118 (2020). "Summary judgment is appropriate if the evidence shows that there is no genuine dispute as to any material fact, such that a reasonable jury could not return a verdict for the nonmoving party." *Id.* (alteration, citations, and internal quotation marks omitted). In reviewing the propriety of a grant of summary judgment, we consider the facts in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor. *See id.* at 311.

"A malicious prosecution claim brought under section 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Hupp v. Cook*, 931 F.3d 307, 323-24 (4th Cir. 2019) (internal quotation marks omitted). "To prove such a claim, a plaintiff must show that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by

2

probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.* at 324 (internal quotation marks omitted).

The district court found that both criminal proceedings terminated in Plaintiffs' favor and assumed without deciding that the seizures were unsupported by probable cause. The court determined, however, that Plaintiffs had not satisfied the first element of their malicious prosecution claim because the superseding events of the commonwealth's attorney's decision to pursue the warrants and the magistrate's issuance of the warrants insulated Williams from "causing" Plaintiffs' arrests. Additionally, the court determined that, even if Williams had caused the arrests, Plaintiffs could not prevail because Williams was entitled to qualified immunity.

Regarding the causation issue, we conclude that the district court erred in finding, at the summary judgment stage, that Williams did not cause the arrest warrants to be issued.* Although "subsequent acts of independent decision-makers (*e.g.*, prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure," *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012), here, genuine issues of material fact

---

* Williams also argues that Plaintiffs waived the causation issue by not raising it on appeal. Plaintiffs contend that they did not waive the causation argument. In their opening brief, Plaintiffs did not explicitly address the district court's finding that Williams did not cause Plaintiffs' arrests. However, Plaintiffs sufficiently discuss the substance of the causation issue in the qualified immunity section of their brief to warrant appellate review. *See Brown v. Nucor Corp.*, 785 F.3d 895, 918 (4th Cir. 2015) (rejecting defendant's contention that plaintiffs waived arguments where "their arguments in the opening brief extended to the district court's discussion of [the issues].").

remain regarding whether the actions of the commonwealth's attorney and the magistrate constitute such intervening superseding causes. However, we conclude that the error is harmless because the district court properly found that Williams is entitled to qualified immunity on the § 1983 claims.

"The doctrine of qualified immunity shields government officials from liability for civil damages when their conduct does not violate clearly established constitutional or other rights that a reasonable officer would have known." *Hupp*, 931 F.3d at 317 (internal quotation marks omitted). Although Plaintiffs may be able to prove that Williams violated their constitutional rights, Williams "nonetheless is entitled to qualified immunity if a reasonable person in [Williams'] position could have failed to appreciate that his conduct would violate those rights." *Danser v. Stansberry*, 772 F.3d 340, 346 n.7 (4th Cir. 2014) (internal quotation marks omitted).

Plaintiffs allege that Williams' malicious prosecution infringed on their Fourth Amendment right to be free from unlawful seizure. "A seizure is unreasonable under the Fourth Amendment if it is not based on probable cause." *Hupp*, 931 F.3d at 318. Therefore, if Williams arrested Plaintiffs when no reasonable officer could believe that probable cause existed for the arrests, "a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Id.* (internal quotation marks omitted); *see also Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000) (in considering whether to grant qualified immunity, "where a law enforcement officer acts pursuant to a warrant, the critical question is whether the officer *could have reasonably thought* there was probable cause to seek the warrant."). "Probable cause therefore could

4

be lacking in a given case, and an arrestee's right violated, either because of an arresting officer's insufficient factual knowledge, or legal misunderstanding, or both." *Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001) (internal quotation marks omitted).

Here, in seeking the arrest warrants for Plaintiffs, Williams not only relied on evidence from his investigation, but also on advice from the commonwealth's attorney and findings of probable cause by a neutral magistrate. The commonwealth's attorney's authorization to apply for a warrant "does not automatically cloak [Williams] with the shield of qualified immunity. However, this authorization—by the elected chief law enforcement officer of [the] County—is compelling evidence and should appropriately be taken into account in assessing the reasonableness of [Williams'] actions." *Wadkins*, 214 F.3d at 542. Therefore, we conclude that Williams was objectively reasonable in seeking the arrest warrants against McKinney and Shrewsbury, and that the district court did not err in finding that Williams was entitled to qualified immunity on the § 1983 malicious prosecution claims.

Turning to Plaintiffs' state claims, to establish a malicious prosecution claim under Virginia law, "the plaintiff has the burden of proving by a preponderance of the evidence that the prosecution was (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Stanley v. Webber*, 531 S.E.2d 311, 314 (Va. 2000). However, an advice of counsel defense shields a defendant against a state malicious prosecution claim:

> When a defendant, in initiating a prosecution, acts in good faith upon the advice of reputable counsel, after a full disclosure of all material facts, he has probable cause to support his action. Probable cause serves as a complete

5

defense to an action for malicious prosecution, even if the advice given by the attorney is wrong. The defendant must prove that he sought advice of counsel with an honest purpose of being informed of the law, that he made a full, correct and honest disclosure of all material facts known to him or which he should reasonably have known, and that he acted in good faith guided by the advice given by counsel. This defense usually presents a jury question unless reasonable minds cannot differ that advice of counsel has been established.

*Andrews v. Ring*, 585 S.E.2d 780, 786 (Va. 2003) (alteration omitted); *see also Noell v. Angle*, 231 S.E.2d 330, 333 (Va. 1977).

The district court assumed without deciding that Plaintiffs' arrests were not supported by probable cause. However, the district court determined that because Williams accurately disclosed the facts known to him to Stein, and reasonably relied on Stein's advice to obtain the warrants, Williams had established an advice of counsel defense against Plaintiffs' Virginia state law malicious prosecution claims.

On appeal, Plaintiffs argue that Williams cannot establish an advice of counsel defense on summary judgment because Williams did not act under Stein's direction, or at least the evidence is equivocal. Williams responds that the district court correctly ruled that he had established a defense based on his consultation with counsel and acting in good faith. Viewing the evidence in the light most favorable to Plaintiffs, the record shows that Williams unequivocally satisfied the elements of this defense. Thus, we conclude that the district court properly determined that Williams was entitled to the advice-of-counsel defense on the state malicious prosecution claims, and the court properly denied relief on the claims.

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*